## MISSISSIPPI MILLS *v.* UNION AND PLANTERS BANK OF MEMPHIS.

SALE OF PERSONAL PROPERTY. *Stoppage in transitu. Rights of seller and attaching creditors.* Goods which have been sold but have not gone into the possession of the buyer who is insolvent, may be reclaimed by the seller for his own indemnity, and this right of reclamation he may exercise notwithstanding the goods may have been seized by execution or attachment by creditors of the buyer.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

B. J. KIMBROUGH for Mills.

JARNAGIN & FRAYSER and GREER & ADAMS for Bank.

DEADERICK, C. J., delivered the opinion of the court.

This is an action of replevin brought by the plaintiff against the defendant, to recover goods valued at $150, which the plaintiff had sold Williford & Anderson, and the bank as their creditor had attached, before their delivery to the purchasers.

The facts were agreed upon and the cause was tried by the circuit judge without a jury, a judgment rendered in favor of defendant, and plaintiff appealed.

The facts agreed upon are as follows:

1. Plaintiff, on the 20th of January, 1880, shipped to Williford & Anderson, merchants at Bartlett, Ten-

nessee, four coils of rope and one bale of cottonades. Plaintiff then did not know of the insolvent condition of Williford & Anderson.

2. Contents of letter to counsel, enclosing postal card, including said postal card sent by W. & A. to plaintiff, were also admitted as evidence.

3. Plaintiff knew nothing of assignment made by W. & A. until he received telegram marked T, which was received subsequently to the levy of defendant's attachment.

4. The only order countermanding the shipment of the goods by W. & A., was such as was contained in their postal card of 16th.

5. On the 27th of January, 1880, when W. & A. made their assignment, they were indebted to the bank in the sum of $237.75, and the bank on the 29th of January, 1880, issued an ancillary attachment, which was regular and valid, which was levied on the goods in question on the next day (30th January), and judgment was rendered in favor of the bank by a justice of said Shelby county, against W. & A. for $237.75, which is unappealed from and is still in force.

6. It was also admitted, that on the trial of this case before the justice, S. P. Williford said that he did not say on the the trial against him, that he ought to have advised the plaintiff that he and Anderson had made an assignment, and to stop their goods, and he must now go and telegraph them to that effect, and that Jno. Blackwell and Jno. McBrooks testified he did make such a statement.  The telegram marked T was sent to plaintiff by W. & A.

7. The plaintiff first made effort to stop the goods *in transitu*, on February 2d, 1880, and after the officer had taken possession of them.

8. The goods came to the depot in Bartlett by rail on the 29th of January, 1880, consigned to W. & A., but they never took actual possession of them.

9. When levied on by the attachment, the goods were in the railroad depot in Bartlett.

10. The goods were agreed to be worth $150. The goods were sold on a credit of sixty days by plaintiff to W. & A.

A copy of the telegram T, and a copy of assignment of W. & A. were in evidence; and lastly, it was agreed that the railroad agent was not in the habit of notifying consignees of the arrival of goods.

The material facts admitted by the agreement of counsel are, that plaintiff sold a bill of goods to W. & A., on their order, and before he had sent them, received a postal card, dated 16th January, requesting that he should not send the goods until the 1st of February. By inadvertence the goods were sent before that time, and attached on the 30th of January, while in the railroad depot; that they never were in the actual possession of the consignees, and were attached while still in the railroad depot, 30th of January, and replevied by the vendor on the 4th of February; and that W. & A. were insolvent.

The controlling question in the case is, had plaintiff, upon the facts admitted, lost the right of stoppage *in transitu?*

It is insisted for defendants, that admitting there

was no actual possession of the goods by W. & A., still the levy of the attachment terminated such right, and the case of *Boyd* v. *Mosley*, 2 Swan, 661, is relied upon to sustain this position.

By an examination of the 2 Swan case, it will appear that it was not a case raising the question of the right of stoppage *in transitu*, and therefore a mere dictum, as correctly said by Mr. King in his Digest, vol. 3, sec. 5788, sub-sec. 4.

This right of stoppage *in transitu* arises solely upon the insolvency of the buyer: Benj. on Sales, secs. 828, 837. It does not exist against a solvent purchaser. In the 2 Swan case it was correctly held by this court, where goods were ordered and placed on the wagon of a common carrier directed to the purchaser, in accordance with his directions, that the delivery to the carrier was a delivery to the buyer, and the property vested in him, and might be legally attached for his, the buyer's, debt.

The seller had replevied the goods and his claim was urged upon the ground: 1. That the delivery was not complete. 2. That he had a lien upon the goods until the price was paid. Both these claims were decided adversely to him, and his Honor, Judge Totten, proceeded to say: "By this delivery (to the carrier) the property becomes vested in the buyer, subject only to the seller's right of stoppage *in transitu*, which is an equitable right not inconsistent with the former; it consists in reserving the possession of the goods while *in transitu* and retaining them until the price be paid." "But," he adds, "this right is gone, if

other *bona fide* rights intervene, before it be exercised; as if the buyer sell the goods, or they be legally attached for debt, as in the present case."

There is not only no statement in the opinion in that case that the buyer was insolvent, but it is stated that plaintiff had "full confidence in the credit and solvency of the buyer. The case was, therefore, wanting in the element of the insolvency of the buyer, to bring it within the principles of law conferring upon the vendor the right of stoppage *in transitu.* But as before stated, the case was correctly decided upon the ground that the sale and delivery to the carrier was a delivery to the buyer: Ang. on C., sec. 497; Benj. on Sales, secs. 3, 308, 675, 840.

But if the goods have not gone into the actual possession of the buyer, and he has not made a *bona fide* sale of them, and he be insolvent, the seller may reclaim them for his own indemnity: Benj. on Sales, secs. 675, 677, 840; 5 Wait's Action & Def., 611. And this right of reclamation he may exercise, notwithstanding the goods have been seized in execution, or by attachment, by the creditors of the buyer: Benj. on Sales, secs. 832, 836; 5 Wait's A. & D., 616; 50 Mississippi R., 591.

We are of opinion, therefore, that the judgment of the circuit judge was erroneous and will be reversed. The property in question having been delivered to plaintiff on his writ of replevin, he will take his judgment here for costs.